UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JAN -7 P 4: 34

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| ADVENTURE WORLD, INC.,         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | Civil Action No. 04-10004-GAO |
| v.         ) | |
| ) | |
| BANK OF THE WEST,         ) | |
| ) | |
| Defendant.         ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT

### I.     INTRODUCTION

Defendant Bank of the West ("Bank of the West") respectfully submits this memorandum of law in support of its motion to dismiss Count I of the three-count Complaint filed by Plaintiff Adventure World, Inc. ("Adventure World"). Adventure World claims in Count I that Bank of the West wrongfully repossessed two recreational vehicles ("RVs") from Adventure World in violation of M.G.L. c. 255D, § 21. This statute, which requires lenders to give buyers notice and an opportunity to cure defaults of retail installment sale agreements, is inapplicable here because Adventure World was the seller of the repossessed RVs, not the buyer. Accordingly, Adventure World has failed to state a claim under M.G.L. c. 255D, § 21 upon which relief can be granted, and the Court should dismiss Count I of the Complaint.

### II.     PROCEDURAL BACKGROUND

On December 26, 2003, Adventure World filed this action in Massachusetts Superior Court, Middlesex County. Among other relief, Adventure World sought a preliminary injunction ordering Bank of the West to return the repossessed RVs. By letter dated December 26, 2003, Adventure World provided Bank of the West with the Complaint, Summons, and Order of

Notice for a hearing on the request for preliminary injunction. On January 5, 2004, Bank of the West removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

## III.   FACTUAL BACKGROUND

The following facts are taken from the allegations in the Complaint and are deemed true solely for the purpose of this motion. (Bank of the West reserves its right to respond substantively to the allegations at the appropriate time pursuant to Fed. R. Civ. P. 8.)

1. Adventure World is an RV dealer located in Shirley, Massachusetts. Adventure World sells RVs to the general public. (Compl. ¶¶ 1, 6.)

2. Bank of the West finances consumer purchases of RVs from Adventure World. Bank of the West has had a contractual relationship with Adventure World for this purpose for several years. (Compl. ¶ 7.)

3. On or about May 14, 2002, with financing from Bank of the West, a consumer named Kathy Arsenault purchased an RV from Adventure World through a Retail Installment Sale Agreement, which lists Ms. Arsenault as the buyer and Adventure World as the seller. (Compl. ¶ 8, Ex. 3.)

4. On or about April 21, 2003, Ms. Arsenault traded in her RV to Adventure World in connection with the purchase of a different RV. (Compl. ¶ 9.)

5. When a consumer trades in an RV to a dealer, the "usual custom" is for the dealer to pay off any balance remaining on the loan for that RV. Adventure World maintains, however, that the contract setting forth the financing arrangement between Bank of the West and consumers does not call for such payment. (Compl. ¶ 12.)

6. When it accepted Ms. Arsenault's trade-in, Adventure World admittedly deviated from the "usual custom" by failing to pay off Bank of the West's loan to Ms. Arsenault. Instead,

-2-

Adventure World continued to make monthly payments to Bank of the West under the Retail

Installment Sale Agreement in Ms. Arsenault's name. (Compl. ¶ 13.)

7.    On or about December 15, 2003, Adventure World alleges that Bank of the West

came upon Adventure World's premises and wrongfully repossessed Ms. Arsenault's traded in

RV. (Compl. ¶ 14.)

8.    On or about December 16, 2003, Adventure World alleges that Bank of the West

came upon Adventure World's premises for a second time and wrongfully repossessed another

RV. (Compl. ¶ 16.)

9.    Adventure World claims in Count I of the Complaint that Bank of the West's

repossessions violated M.G.L. c. 255D, § 21. In support of this claim, Adventure World alleges

that it had remained current on the applicable Retail Installment Sale Agreements, that Bank of

the West never gave Adventure World notice of an alleged default or its intent to repossess, and

never gave Adventure World an opportunity to cure. (Compl. ¶¶ 21-25.)

## IV.    ARGUMENT

### A.    The Applicable Standard on a Motion to Dismiss.

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss should be granted if plaintiff "can

prove no set of facts in support of his claim which would entitle him to relief. In ruling on a

motion to dismiss, the court should accept allegations of the complaint as true and draw all

reasonable inferences in favor of the Plaintiff." Petricca v. Simpson, 862 F. Supp. 13, 15 (D.

Mass. 1994) (citing Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).

In this case, even accepting all of Adventure World's allegations as true, Bank of the West is

entitled to dismissal of Count I because Adventure World has no legal right to bring a claim

against Bank of the West for violation of M.G.L. c. 255D, § 21.

B.    **Adventure World Cannot Assert a Claim Under the Massachusetts Statute
Protecting Defaulted Buyers in Retail Installment Sales Because Adventure
World Was Not the Buyer of the Repossessed RVs.**

Adventure World argues that, when Bank of the West repossessed the RVs, it violated

M.G.L. c. 255D, § 21 by failing to give Adventure World proper notice and an opportunity to

cure any default. M.G.L. c. 255D, § 21 governs the procedure to be followed by a lender when a

buyer has defaulted under a retail installment sale agreement. [1]

Adventure World's argument makes no logical sense because M.G.L. c. 255D, § 21

affords protection only to <u>buyers</u>, not sellers. This statute specifically provides as follows:

> (a)    An agreement of the parties in a retail installment contract defining default is
> enforceable only to the extent that the default is material and consists of the <u>buyer</u>'s
> failure to make one or more installments as required by the agreement; or occurrence of
> an event which substantially impairs the value of the collateral.
>
> (b)    After a default by a <u>buyer</u> under a consumer credit transaction, the secured
> creditor may not bring an action against the <u>buyer</u> or proceed against the collateral until
> he gives the <u>buyer</u> notice described in this section…
>
> (c)    The notice shall be in writing and shall be given to the <u>buyer</u> ten days or more
> after the default…
>
> (d)    During the twenty-one day period after a delivery of a notice required by this
> section the holder may not because of that default accelerate the unpaid balance of the
> obligation, bring an action against the <u>buyer</u>, or proceed against the collateral.
>
> (e)    Unless the secured creditor has first notified the <u>buyer</u> that he has elected to
> accelerate the unpaid balance of the obligation because of default, brought action against
> the <u>buyer</u>, or proceeded against the collateral, the <u>buyer</u> may cure a default consisting of a
> failure to pay money by tendering the amount of all unpaid sums due at the time of
> tender, without acceleration, plus any unpaid delinquency of deferral charges…

(Emphasis added.)

---

[1] Adventure World presumably meant to cite M.G.L. c. 255B, § 20A, which governs
default procedures in retail installment sales specific to motor vehicles. M.G.L. c. 255B, § 20A
is otherwise virtually identical to M.G.L. c. 255D, § 21.

Because Adventure World was not the buyer of the repossessed RVs, and has not alleged that it was the buyer of the repossessed RVs, it was not entitled to notice and an opportunity to cure under M.G.L. c. 255D, § 21. Any duty to provide notice and an opportunity to cure would run to the actual buyers, not Adventure World. Therefore, Adventure World has not and cannot state a claim under M.G.L. c. 255D, § 21 upon which relief can be granted.

## V.    CONCLUSION

For the reasons stated, Bank of the West respectfully requests that this Court dismiss Count I of the Complaint.

Respectfully submitted,

BANK OF THE WEST
By its attorneys,

Jonathan I. Handler, BBO #561475
Mark E. Swirbalus, BBO #631650
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, MA 02110
(617) 345-4600

Dated: January 7, 2004

## CERTIFICATE OF SERVICE

I, Mark E. Swirbalus, hereby certify that on this 7th day of January, 2004, I served a copy of the foregoing via facsimile and overnight delivery upon Plaintiff's counsel, Steven A. Kressler, Kressler & Kressler, PC, 11 Pleasant Street, Worcester, Massachusetts 01609.

Mark E. Swirbalus