UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10004-GAO

ADVENTURE WORLD, INC.
Plaintiff
v.

BANK OF THE WEST,
Defendant

**ORDER**
August 3, 2004

O'TOOLE, D.J.

The plaintiff, Adventure World, Inc., filed a complaint in the Massachusetts Superior Court, Middlesex County, against the defendant, Bank of the West. Plaintiff alleges in Count I of its complaint that the defendant wrongfully repossessed multiple recreational vehicles in violation of Mass. Gen. Laws ch. 255D, § 21. The defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1446(b). On January 7, 2004, the defendant filed a motion to dismiss Count I of the complaint, pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiff has not filed any opposition to the motion.

Pursuant to Rule 12(b)(6) a claim is properly dismissed "only when the allegations are such that 'the plaintiff can prove no set of facts to support [the] claim for relief.'" Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co., 228 F.3d 24, 30 (1st Cir. 2000)(alteration in original)(quoting Rockwell v. Cape Cod Hosp., 26 F.3d 254, 260 (1st Cir. 1994). In addition, all well-pled facts are to be treated as true and all reasonable inferences are to be drawn in favor of the plaintiff. McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 276 (1976).

Assuming the facts in the complaint to be true, plaintiff's attempt to seek protection under Mass. Gen. Laws ch. 255D, § 21 is without merit. Mass. Gen. Laws ch. 255D does not cover agreements for the sale of motor vehicles. See Mass. Gen. Laws ch. 255D, §§ 1, 25. Even assuming that the plaintiff meant to seek protection under Mass. Gen. Laws ch. 255B ("Retail Instalment Sales of Motor Vehicles"), the plaintiff is not afforded protection by that chapter either. Chapter 255B, § 20A provides for notice of default, an opportunity for the buyer to cure and notice by the creditor if the creditor wishes to proceed against the collateral. However, Mass. Gen. Laws ch. 255B, § 1 defines a buyer as, "a person who buys or agrees to buy a motor vehicle from a retail seller for use primarily for personal, family or household purposes." According to its complaint, the vehicles in question were not meant primarily for the plaintiff's personal, family or household purposes; rather the plaintiff intended to sell the vehicles to the general public. (Compl. ¶ 6). As such, the plaintiff has not provided any facts which would entitle it to relief on Count I of the complaint and the defendant's motion to dismiss is GRANTED as to Count I.

It is SO ORDERED

| | |
|---|---|
| August 3, 2004 | \s\ George A. O'Toole, Jr. |
| DATE | DISTRICT JUDGE |